UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LESLIE E. GAMBLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>　　　　Defendant. | No. CV 08-3767-AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

On June 9, 2008, Plaintiff Leslie E. Gamble ("Gamble") filed a complaint to review and set aside a decision by the Commissioner to deny benefits. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before this Court on June 24 and October 1, 2008. (Dkt. Nos. 6-7.)

**I.**

**SUMMARY OF PROCEEDINGS**

On November 21, 2008, Plaintiff's counsel filed a motion to withdraw as attorney of record. This Court issued an order staying the case for 45 days pending the proposed withdrawal of counsel. (Dkt. No. 11.) On November 24, 2008, this Court issued an order granting the motion to withdraw and providing that the Order became effective upon the

filing of a proof of service evidencing that Gamble was served with the Order. (Dkt. No. 12.) In addition, the order explained that if Gamble did not obtain new counsel on or before January 8, 2009, the matter would proceed with Gamble appearing pro se and with a revised schedule. (*Id.*) The proof of service was filed on December 3, 2008. (Dkt. No. 13.) No counsel filed a Notice of Appearance for Gamble. Nor did Gamble request an extension of time to obtain new counsel.

According to the Order, Gamble was to file and serve a motion for judgment on the pleadings on or before March 9, 2009. The Order expressly warned that "[i]f Plaintiff does not file and serve a motion for judgment on the pleadings on or before March 9, 2009, this action will be subject to dismissal without prejudice for failure to prosecute and failure to comply with a court order. Federal Rule of Civil Procedure 41(b); *Link v. Wabash Railroad Co.*, 370 U.S 626, 629-30 (1962)." (Dkt. No. 12.) The Order set forth guidelines as to the preparation of a motion for judgment on the pleadings. (*Id.*) Gamble did not file a motion for judgment on the pleadings and did not request an extension of time to do so.

On March 13, 2009, this Court issued an Order to Show Cause that required Gamble to show cause on or before April 10, 2009, why this case should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. The filing and service of a motion for judgment on the pleadings on or before April 10, 2009, was expressly deemed compliance with the Order to Show Cause. (Dkt. No. 17.) The Order to Show Cause expressly warned Gamble that "if Plaintiff fails to file and serve a motion for judgment on the pleadings or otherwise respond to this Order to Show Cause on or before April 10, 2009, this Court will dismiss this action without prejudice for failure to prosecute and/or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)." (*Id.*)

To date, Gamble has not filed a motion for judgment on the pleadings and has not otherwise responded to the Order to Show Cause.

///

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. at 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders)**.**

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff failed to file a motion for judgment on the pleadings, failed to request an extension of time to do so, and failed to respond to the Court's Order to Show Cause why this action should not be dismissed for failure to prosecute. Given that this case cannot move forward to resolution in the absence of Plaintiff filing a motion for judgment on the pleadings, Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted where

///

a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to file a motion for judgment on the pleadings or request an extension of time to do so, and to respond to orders of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by issuing an Order to Show Cause reminding Plaintiff of the obligation to file a motion for judgment on the pleadings and deeming a filing of the motion on or before April 10, 2009, as compliance with the Order to Show Cause. Despite this warning, Plaintiff has failed to fulfill this obligation or respond in any way to the Court.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. In this case, Plaintiff has been cautioned twice about the possibility of dismissal in the Order dated November 24, 2008 and the Order to Show Cause dated March 13, 2009.

///
///
///
///
///
///
///
///

## III.

## ORDER

IT IS HEREBY ORDERED that judgment be entered dismissing this action without prejudice for failure to prosecute.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**IT IS SO ORDERED.**

DATED: April 13, 2009

ALICIA G. ROSENBERG
United States Magistrate Judge